I respectfully dissent, because, in my view, the majority has not, as we agree this Court must, viewed the facts before the trial court in a light most favorable to the non-moving party. Specifically, the majority states: "[W]e conclude that the only inference that can be drawn is that there was one disciplinary violation of which Department personnel were aware . . . and that this violation prompted three responses. . . ." Majority opinion at 357-58. The majority concludes that Dothard failed, therefore, to offer substantial evidence on the issue of deliberate indifference.
Examining the evidence in a light most favorable to Dothard, one can reasonably infer that the Department knew that three-year-old Shante had been beaten with a belt, as had her brother. According to the Department employee who reached this conclusion and confronted the foster mother about it, the foster mother responded that "they [Shante and her brother] had made her so mad."
Although it was contrary to Department policy for a child ofany age to be intentionally struck in this fashion, the Department did not investigate. There was no *Page 359 
physical examination of Shante or her five-year-old brother and no private interview of either of them, nor any follow-up visit to further investigate the home situation.[4] Approximately six weeks later, Shante was dead from abuse in the foster home and her brother was found to have numerous large bruises on his lower body from a beating with a belt.
In my view, there is certainly sufficient evidence that the Department was "deliberately indifferent." This is not to say that the Department has, in fact, done anything wrong in this case. This is to say that a jury must decide this matter. "Unless the evidence submitted on a summary judgment motion is wholly without adverse inferences or is free from any doubt, summary judgment must not be entered, but the issues must be submitted to the jury." Gossett v. Twin City Cable T.V., Inc.,594 So.2d 635, 640 (Ala. 1992).
However, the majority says also that Dothard failed to produce substantial evidence on the issue of proximate cause. It stresses that the Department did not know that the young man who did the fatal beating was staying in the foster home. It states: "Department personnel, not knowing that Mr. Campbell was staying in [the foster home], could not have foreseen that he would hit the children and cause one of them to die." Majority opinion at 358. Thus, it says, it was not foreseeable that this young man would harm Shante and Clint.
This reasoning is flawed. In circular fashion, it would hold that Dothard cannot prove that the Department caused the death through willful ignorance, because the Department was ignorant. Thus, the majority effectively negates any duty on the part of the Department to not have deliberate indifference (based on that willful ignorance), contrary to the mandates of the cases interpreting 42 U.S.C. § 1983.
Moreover, evidence on the question of foreseeability,taken in a light most favorable to Dothard, reveals that the risk of abuse not only was recognized, but was discussed within the Department.
[4] The record indicates that often during this time, the foster mother was not at home and that a Department worker would have found the children alone in the care of the young man who abused them.